**CT Corporation**

**Service of Process Transmittal**
04/18/2016
CT Log Number 529013959

**TO:** Rebecca Thompson
UnitedHealth Group Incorporated (1111504190770700600)
9900 Bren Rd E Ste 300W, MN008-T700
Minnetonka, MN 55343-4402

**RE:** **Process Served in Florida**

**FOR:** United Healthcare, Inc. (450003710770700600) (Former Name) (Domestic State: MD)
Spectera, Inc. (450003710770700600) (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Benjamin Cousins, M.D., Pltf. vs. United Healthcare, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Attachment, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Miami-Dade County Circuit Court, FL<br>Case # 201609215CA0111 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/18/2016 at 13:00 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Lauren Luck<br>Lauren Luck, P.A.<br>175 SW 7th Street, Suite 2020<br>Miami, FL 33130<br>305-929-8316 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/19/2016, Expected Purge Date: 05/19/2016<br><br>Image SOP<br><br>Email Notification, Administrative Assistant legalmail@uhc.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of 2 / HN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Exhibit "A"

 CT Corporation

**Service of Process Transmittal**
04/18/2016
CT Log Number 529013959

**TO:** Rebecca Thompson
UnitedHealth Group Incorporated (111504190770700600)
9900 Bren Rd E Ste 300W, MN008-T700
Minnetonka, MN 55343-4402

**RE:** **Process Served in Florida**

**FOR:** United Healthcare, Inc. (450003710770700600) (Former Name) (Domestic State: MD)
Spectera, Inc. (450003710770700600) (True Name)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Letter, Attachment(s) | By Regular Mail on 07/31/2015 at 14:22 postmarked: "Not Post Marked" | Rebecca Thompson UnitedHealth Group Incorporated (111504190770700600) | 527564402 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Filing # 40269365 E-Filed 04/14/2016 01:21:10 PM

IN THE CIRCUIT COURT FOR THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE NO.: 2016-09215-CA-01 (11)

BENJAMIN COUSINS, M.D.,

    Plaintiff,

vs.

UNITED HEALTHCARE, INC.,

    Defendant.

_____/

4-18-16
SPS 919 AA

THE STATE OF FLORIDA

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the Complaint in this action on Defendant:

**UNITED HEALTHCARE, INC.
C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324**

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phonebook).

    If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**LAUREN LUCK, ESQ.
LAUREN LUCK, P.A.
175 SW 7th Street, Suite 2020
Miami, Florida 33130
Telephone Numbers: (305) 929-8316 & (954) 644-9887
E-mail: AttorneyLaurenLuck@gmail.com**

IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990, PERSONS NEEDING A SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE COURT ADA COORDINATOR NO LATER THAN SEVEN DAYS PRIOR TO THE PROCEEDING. TELEPHONE (305) 349-7175 OR (305) 349-7174 FOR ASSISTANCE; IF HEARING IMPAIRED, TELEPHONE (305) 375-2007 OR 1-800-955-8771 (FLORIDA RELAY SERVICE NUMBER) FOR ASSISTANCE.

**EACH SHERIFF OF THE STATE:**

**YOU ARE HEREBY COMMANDED** to serve the Summons and a copy of the Complaint and any other papers in this lawsuit on the above-named Defendant(s).

Dated this _____ day of 4/15/2016 _____ 2016.

HARVEY RUVIN
Clerk Of The Circuit Court

(SEAL)
(See reverse side)(Vease al reves)(Voir de l'autre cote de)

By: /s/ Shadrick Sears 309876

Deputy Clerk

Filing # 40181091 E-Filed 04/12/2016 05:20:49 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

### I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Benjamin Cousins</u>
Plaintiff
vs.
<u>United Healthcare, Inc.</u>
Defendant

### II. TYPE OF CASE

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
    - ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☐ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.** **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary
- ☐ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

**IV.** **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

II

**V.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VI.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Lauren Luck    FL Bar No.: 48121
    Attorney or party                                          (Bar number, if attorney)

Lauren Luck   04/12/2016
  (Type or print name)                                      Date

Filing # 40181091 E-Filed 04/12/2016 05:20:49 PM

IN THE CIRCUIT COURT FOR THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE NO.:

BENJAMIN COUSINS, M.D.,

    Plaintiff,

vs.

UNITED HEALTHCARE, INC.,

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, BENJAMIN COUSINS, M.D., by and through undersigned counsel, and hereby submits his Complaint, and as grounds thereof, states as follows:

### JURISDICTION

1. This is an action for money damages within the jurisdiction of this Court. The principal amount in controversy is $141,652.37, which is within the jurisdictional amount of this Court as of the date the cause of action(s) set forth herein accrued, exclusive of accrued interest, reasonable attorneys' fees and Court costs.

### CONDITIONS PRECEDENT

2. All conditions precedent to the bringing of this action have been complied with, satisfied or otherwise waived. This includes all appeals and/or administrative remedies known to be available as of the last denial of payment and/or dispute as to the rate of payment.

### GENERAL ALLEGATIONS

3. This is an action for money damages.

4. The principal amount in controversy is $145,734.23.

5. Plaintiff, BENJAMIN COUSINS, M.D., is a medical doctor licensed to do and doing business in the State of Florida. At all times material hereto, Plaintiff was and is a health care provider (hereinafter, referred to as "PROVIDER"), as defined by Chapter 641, Florida Statutes.

6. Defendant, UNITED HEALTHCARE, INC., is a corporation licensed to do and doing business in Florida and is otherwise sui juris.

7. At all times material hereto, Defendant, UNITED HEALTHCARE, INC., is a health insurance company (hereinafter, referred to as "UHC"), as defined by Chapter 641, Florida Statutes.

8. At all times material hereto, UHC was and is authorized to do and doing business in the State of Florida and is otherwise sui juris.

9. At all times material hereto, PROVIDER was not a contracted medical provider for UHC.

10. The patients at issue (hereinafter collectively referred to as "PATIENTS") presented are subscribers to health care coverage insurance policies ("INSURANCE POLICIES") issued by UHC.

11. PATIENTS presented to PROVIDER for examination and medical treatment (the "SERVICES").

12. PATIENTS were admitted by PROVIDER for SERVICES.

13. PATIENTS were examined and treated by PROVIDER.

14. PATIENTS were discharged or otherwise released from PROVIDER's care.

15. The dates of SERVICES at issue here are indicated in **Exhibit A**, attached hereto.

16. All INSURANCE POLICIES at issue here were executed in MIAMI-DADE County, Florida.

17. As a result of the SERVICES provided by PROVIDER to PATIENTS, a bill was incurred for the SERVICES.

18. The SERVICES and costs therefore are noted more fully in the spreadsheets comprising Exhibit A. In compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the patient names and other identifying characteristics have been omitted deliberately from the spreadsheets. Nonetheless, counsel for UHC has been/will be provided with the unedited full version of the spreadsheet.

19. The total aggregate rate billed by PROVIDER to UHC was $152,548.82.

20. UHC paid a portion of the total rate due evidencing that the SERVICES are covered under the INSURANCE POLICIES.

21. The total aggregate rate received by PROVIDER was $10,896.45. Accordingly, UHC failed to pay PROVIDER the proper rate payment of $141,652.37.

22. PROVIDER has retained the services of the undersigned law firm and is entitled to an award of costs and attorneys' fees pursuant to Florida Statutes, Section 627.428.

## COUNT I – BREACH OF CONTRACT

### ("FAILURE TO PAY PROPER RATE OF PAYMENT")

23. PROVIDER realleges the paragraphs contained in paragraphs 1-22 above as if set forth fully herein and further states as follows:

24. On or before the admission and discharge date(s) here at issue, UHC did contract to provide health care coverage to PATIENTS.

25. PATIENTS are subscribers to INSURANCE POLICIES issued by UHC.

26. PATIENTS presented to PROVIDER's professional medical practice for examination and medical treatment.

27. PATIENTS were admitted to PROVIDER's professional medical service for examination and treatment.

28. PATIENTS were examined and treated through PROVIDER's professional medical service.

29. PATIENTS were discharged from PROVIDER's professional medical service.

30. All premiums to the INSURANCE POLICIES that were due and owing for the period from the admission and discharge dates here at issue had been timely paid.

31. The health care coverage offered by UHC to PATIENTS was in effect at the time of PATIENTS' admission to PROVIDER.

32. PATIENTS were covered insureds, subscribers, beneficiaries or dependents according to the terms and conditions of the INSURANCE POLICIES issued by UHC.

33. An assignment of benefits authorizing PROVIDER to seek payment from UHC was executed by PATIENTS or their legal representatives.

34. At the time PATIENTS were admitted to PROVIDER's professional medical practice, PATIENTS were subscribers to the INSURANCE POLICIES. A copy of the INSURANCE POLICIES are not within PROVIDER's possession or control. Upon

information and belief, UHC has within its care, custody and/or control, copies of such INSURANCE POLICIES in effect at the time and place here at issue.

35. The PATIENTS admission here at issue were for covered services as defined by the INSURANCE POLICIES.

36. PROVIDER submitted its claim for payment to UHC for the SERVICES PROVIDER rendered to PATIENTS.

37. PROVIDER's claim for payment from UHC for the SERVICES rendered to the PATIENTS was timely submitted.

38. PROVIDER's claim for payment from UHC for the SERVICES rendered to the PATIENTS was submitted in the proper manner.

39. The total aggregate rate billed by PROVIDER to UHC was $152,548.82.

40. The total aggregate received by PROVIDER was $10,896.45.

41. UHC is obligated to pay the proper rate of payment of an additional $141,652.37.

42. UHC's failure and refusal to make the monetary payments here at issue constitutes a breach of the INSURANCE POLICIES which have by law incorporated the statutory provisions therein.

43. PROVIDER has been damaged as a direct result of UHC's failure and refusal to make payment as noted above.

44. PROVIDER has been forced to retain counsel to represent it in this matter and is obligated to pay its attorneys a reasonable fee for their services as well as for all costs they have incurred in handling this matter.

45. PROVIDER is entitled to an award of its attorneys' fees and costs pursuant to Florida Statutes, Section 627.428 or Section 641.28.

**WHEREFORE**, PROVIDER, demands judgment in its favor and against Defendant, UHC, in the principal sum of $141,652.37, together with interest thereon as well as court costs, reasonable attorneys' fees as provided by the patient policy and/or Florida Statutes, Section 627.428 or Section 641.28, and such other and further relief this Court deems just and proper.

### COUNT II-VIOLATION OF FLORIDA STATUTES 641.513
("Emergency Services")

46. PROVIDER realleges the paragraphs contained in paragraphs 1-45 above as if set forth fully herein and further states as follows:

47. A subset of the PATIENTS enumerated in Exhibit A ("EMERGENCY PATIENTS") presented to PROVIDER for emergency medical conditions ("EMERGENCY SERVICES"), as that term is defined in Florida Statutes, Section 641.47. UHC is in possession of the identities of those EMERGENCY PATIENTS who required EMERGENCY SERVIES and/or PROVIDER has made that information available to UHC.

48. Pursuant to the INSURANCE POLICIES and Florida state law, PROVIDER rendered valuable EMERGENCY SERVICES to the EMERGENCY PATIENTS, in return for payment by UHC, at the "usual and customary" rate, as that term is used in Florida Statutes, Section 641.513.

49. PROVIDER failed to pay the "usual and customary" rate for the EMERGENCY SERVICES rendered.

50. PROVIDER's estimate of the "usual and customary" rate of payment for similar EMERGENCY SERVICES were provided as listed on Exhibit A.

51. UHC arbitrarily reduced the "usual and customary" rate provided to PROVIDER by failing to make the full rate of payments, as illustrated in Exhibit A.

52. UHC owes PROVIDER the "usual and customary" rate of payment for the EMERGENCY SERVICES, as will be determined through discovery, exclusive of interest, court costs and attorneys' fees.

53. PROVIDER has been forced to retain the services of the undersigned counsel as a result of UHC's failure or refusal to pay the amounts due when demanded and has incurred and will incur attorneys' fees and costs in this matter.

54. PROVIDER is entitled to an award of its attorneys' fees and costs pursuant to Florida Statutes, Sections 627.428 or 641.28.

55. PROVIDER has complied with all conditions precedent before maintaining this action.

**WHEREFORE**, PROVIDER demands judgment in his favor and against Defendant, UHC, in the principal sum to be determined through discovery, together with interest thereon as well as court costs, reasonable attorneys' fees as provided by the patient policy and/or Florida Statutes, Section 627.428 or 641.28, and such other and further relief this Court deems just and proper.

## JURY DEMAND

56. PROVIDER hereby demands trial by jury.

Dated: April 12, 2016.

By: /s/ Lauren Luck

**LAUREN LUCK, ESQUIRE**

Florida Bar No. 48121
Lauren Luck, P.A.
Latitude One on the River Offices
175 SW 7th Street
Suite 2020
Miami, Florida 33130
Telephone:   305-929-8316
                      954-644-9887
Fax: 1 (866) 569-2707
AttorneyLaurenLuck@gmail.com

| Patient | Date of Service | Diagnosis Codes | Procedure Codes | Modifier Codes | Total Charges | Amount UHC paid |
|---|---|---|---|---|---|---|
| 1 | 3/31/14 | 813.40; 354.0 | 25607; 29848; 11401 | 80 | $11,690.50 | $1,749.91 |
| 2 | 3/25/14 | 873.29 | 15120; 15576; 14060; 15004; 11043 | 51; 80 | $25,466.73 | $0.00 |
| 3 | 9/11/14 | 875.1; 682.2 | 15734; 14301; 21750; 21627; 14302; 14302 | 51; 80 | $37,414.25 | $398.99 |
| 4 | 11/23/14 | 682.4 | 26020; 99284 | 57 | $4,539.79 | $1,644.30 |
| 5 | 1/29/14 | 174.9 | 19357; 15777; 15860; 15860 | 50; 51; 76; 80 | $24,242.37 | $0.00 |
| 6 | 9/27/13 | 727.04 | 99204; 20550 | 57 | $1,732.78 | $0.00 |
| 7 | 9/22/13 | 882.2; 882.1 | 26350; 26350; 64721; 13131 | 80 | $18,057.70 | $0.00 |
| 8 | 12/22/14 | 812.21 | 24515; 64708 | 80 | $11,700.11 | $2,700.00 |
| 9 | 9/15/14 | 883.1 | 11010; 11760; 99204; 12001 | 57 | $7,631.43 | $4,403.25 |
| 10 | 10/9/14 | 816.02 | 11760; 26750; | 57 | $5,331.35 | $0.00 |

|    |         |       | 99204; 12001 |       |            |        |
|----|---------|-------|--------------|-------|------------|--------|
| 11 | 3/26/14 | 945.2 | 15002; 15003 | 51; 80 | $3,464.59 | $0.00  |
| 12 | 1/22/15 | 873.4 | 99204        | 57    | $1,277.22  | $0.00  |

# EXHIBIT A